**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-1137**

_____

DEBORAH STREETER, Individually and As Surviving Spouse and
Personal Representative of the Estate of Jimmy Wayne
Streeter; M. A. S., minor,

              Plaintiffs - Appellants,

      v.

SSOE SYSTEMS, INCORPORATED; SSOE, INCORPORATED; CIANBRO
CORPORATION; CIANBRO EQUIPMENT, LLC; CIANBRO FABRICATION AND
COATING CORPORATION; WARREN ENVIRONMENT, INCORPORATED;
ENGINEERED CRANE SYSTEMS OF AMERICA,

              Defendants – Appellees,

      and

NUCOR BUILDING SYSTEMS SALES CORPORATION; NUCOR CORPORATION,
d/b/a Nucor Building Products Sales Corporation, d/b/a Nucor
Building Systems Sales Corporation, d/b/a Nucor Steel Sales
Corporation, d/b/a Nucor Cold Finish Sales Corporation,
d/b/a Nucor-Yamato Steel Sales Corporation, d/b/a Nucor
Fastener Sales Corporation; NUCOR ENVIRONMENTAL SERVICES,
INCORPORATED; NUCOR PROPERTIES, LLC; NUCOR-YAMATO STEEL
SALES CORPORATION,

              Defendants.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  William M. Nickerson, Senior District
Judge.  (1:09-cv-01022-WMN)

_____

Submitted:  September 2, 2011    Decided:  September 15, 2011

_____

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ronald U. Shaw, Amanda P. Just, SHAW, JOSEPH & JUST, P.A., Hunt Valley, Maryland, for Appellants. Robert L. Ferguson, Jr., Michele Z. Blumenfeld, Bernard A. Meis, FERGUSON, SCHETELICH & BALLEW, P.A., Baltimore, Maryland; Patrick James Attridge, KING & ATTRIDGE, Rockville, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this diversity action, Deborah Streeter and her minor son appeal the district court's amended order granting summary judgment to the Appellees pursuant to Md. Code Ann., Cts. & Jud. Proc. § 5-108(b) (LexisNexis 2006) upon finding that the cause of action had not accrued because it occurred more than ten years after the entire improvements to the real property were made available for its intended use. We affirm.

On March 14, 2006, Jimmy Streeter was sitting in his truck at a W.R. Grace plant in Baltimore, Maryland. During a period of high winds, a portion of the calciner start-up stack (the "Stack") broke loose and fell onto the truck, resulting in Streeter's death. Deborah Streeter sought compensation from those parties she believed responsible for the design and construction of the Stack.

This court reviews an order granting summary judgment de novo. Limbach Co. LLC v. Zurich Am. Ins. Co., 396 F.3d 358, 361 (2005). The court will uphold an award of summary judgment only if the moving party shows by citing to parts of the record, submitting depositions, documents, electronically stored information, affidavits, declarations, stipulations, admissions, interrogatory answers or other materials that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P.

3

56(a), (c). In an action based upon diversity of citizenship, the law of the forum state applies. Limbach, 396 F.3d at 361.

Under Md. Code Ann., Cts. & Jud. Proc. § 5-108(b):

> Except as provided by this section, a cause of action for damages does not accrue and a person may not seek contribution or indemnity from any architect, professional engineer, or contractor for damages incurred when wrongful death, personal injury, or injury to real or personal property, resulting from the defective and unsafe condition of an improvement to real property, occurs more than 10 years after the date the entire improvement first became available for its intended use.

When a state enacts a statute of repose, the state "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." First United Methodist Church of Hyattsville v. U.S. Gypsum Co., 882 F.2d 862, 866 (4th Cir. 1989). "It is a substantive grant of immunity derived from a legislative balance of economic considerations affecting the general public and the respective rights of potential plaintiffs and defendants." Carven v. Hickman, 763 A.2d 1207, 1211 (Md. App. 2000).

We agree with the district court that the "entire improvement" at issue was that improvement intended by the first project, which was the manufacture of silica sol. The second project, which overlapped the first project, had a different intended use and did not modify the first project's intended use. We also agree with the district court that the first

4

project's entire improvements were available for its intended use by the end of December 1995. Thus, because Jimmy Streeter's death occurred more than ten years after the improvements were available to manufacture silica sol, the cause of action against those parties responsible for the design and construction of the Stack did not accrue.

Accordingly, we affirm the amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5